**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

JIMMY DEAN KREPPS
ADC #143041                                                                                          PLAINTIFF

V.                                          2:09CV00074 WRW/JTR

JOHN COLLIER,
Jailer, Cross County Jail                                                                    DEFENDANT

## ORDER

Plaintiff, Jimmy Dean Krepps, has commenced this *pro se* § action alleging, among other things, that Defendant John Collier denied him adequate medical care and forced him to perform strenuous physical labor despite his physical limitations. *See* docket entries #1, #4, and #7.

On May 19, 2010, Defendant filed a Motion to Compel, asserting that Plaintiff has failed to respond to his September 25, 2009 Interrogatories and Requests for Production, which includes a Medical Authorization allowing Defendant to obtain Plaintiff's medical records. *See* docket entry #29.

Plaintiff has not responded to the Motion to Compel, and the time for doing so has expired. *See* Local Rule 7.2(b) (providing that a party has fourteen days to file a response to a motion); Local Rule 7.2(f) (stating that the "failure to timely respond to any nondispositive motion . . . shall be an adequate basis, without more, for granting the relief sought in said motion").

IT IS THEREFORE ORDERED THAT:

1.      Defendant's Motion to Compel (docket entry #29) is GRANTED.

2.      Plaintiff shall *file*, **within fourteen days of the entry of this Order**, his Answers to Defendant's September 25, 2009 Interrogatories and Requests for Production, which includes a

Medical Authorization.[1]

3. Plaintiff is advised that the failure to timely and properly comply with this Order could result in the dismissal of this case, without prejudice, pursuant to Local Rule 5.5(c)(2)[2] and/or Fed. R. Civ. P. 37(b)(2)(A)(v).[3]

Dated this 7th day of June, 2010.

*/s/ J. Thomas Ray*
UNITED STATES MAGISTRATE JUDGE

---

[1] Usually, discovery responses are not filed with the Court and, instead, are mailed directly to the opposing counsel, along with a certificate of service.  *See* Fed. R. Civ. P. 5(d).  However, the Court orders Plaintiff to FILE his Answers to the September 25, 2010 discovery requests WITH THE CLERK so that it can determine whether Plaintiff has timely and properly complied with this Order.

[2] Local Rule 5.5(c)(2) provides that: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. *If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.* Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure." (Emphasis added.)

[3] Fed. R. Civ. P. 37(b)(2)(A)(v) provides, in pertinent part, that a court may dismiss an action if "a party fails to obey an order to provide or permit discovery."